COMYNS *v.* RIKER *et al.*

*(Supreme Court, General Term, First Department.*   October 20, 1892.)

INJUNCTION PENDENTE LITE—TRANSFER OF NOTES BY DEBTOR.

   In an action by a judgment creditor against the debtor to restrain the transfer of promissory notes, an injunction *pendente lite* will not be granted where it is not shown that the indorsee was insolvent, and the facts presented do not necessarily tend to the conclusion of the fraudulent intent of defendants.

Appeal from special term, New York county.

Action by William Comyns against William H. Riker and William B. Riker to restrain defendants from transferring certain promissory notes. From an order denying plaintiff's motion for an injunction *pendente lite,* plaintiff appeals.   Affirmed.

William Comyns is a judgment creditor of defendant William H. Riker. After plaintiff obtained judgment, William H. Riker sold a stock of goods to the William B. Riker & Son Company, and as part consideration received certain promissory notes of the company. It is alleged that these notes were transferred by William H. Riker to William B. Riker without consideration, with intent to defraud the creditors of William H., who is insolvent. This action was brought to restrain the defendants from transferring the notes mentioned, which plaintiff seeks to have applied to the satisfaction of his judgment.

Argued before VAN BRUNT, P. J., and O'BRIEN and LAWRENCE, JJ.

*J. J. Adams,* for appellant.   *Thomas J. Farrell,* (*D. McMahon,* of counsel,) for respondents.

VAN BRUNT, P. J.   This action was brought to restrain the defendants, William H. Riker and William B. Riker, from negotiating, transferring, and disposing of certain promissory notes, and for other relief. A motion for an injunction *pendente lite* having been denied, this appeal is taken from the order thereupon entered. It is impossible to enter into a detailed discussion of the facts claimed to be established by the plaintiff, upon which he founds his right to an injunction, without expressing our opinion as to the weight of certain evidence, which, however, may present a different aspect upon the trial, when the affiants are orally examined before the court. For this reason we do not think such discussion should be entered into, as it might, to some extent, hamper the court below, upon the trial of the issues, in its consideration of such evidence. For the disposition of this motion it is sufficient to say that, in our opinion, no case was made out which would justify the court in granting the extraordinary relief sought to be obtained. There was no proof or allegation that the defendant William B. Riker, to whom this money would be paid, is insolvent, or in any way unable to respond to any claim which the plaintiff might make against him. And, further, relief of this extraordinary character should not be granted simply because our suspicions might be excited as to the regularity of any given transaction. The facts presented must necessarily tend to the conclusion of the fraudulent intent of the parties against whom relief is sought. And, in using this language in respect to suspicion, we do not intend to characterize in any way the effect which the proof submitted had upon our minds, or to intimate that the transactions referred to seem to us to be suspicious or otherwise. As already stated, we desire to leave the question of the effect of any evidence which may be offered

upon the trial, both upon the part of the plaintiff and the defendants, entirely open for the court below. The order should be affirmed, with $10 costs and disbursements. All concur.